**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1174**

JAVIER DE JESUS DURAN REALEGENO, a/k/a Javier D. Duran,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 12, 2018                    Decided: February 23, 2018

Before MOTZ, TRAXLER, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Aaron R. Caruso, ABOD & CARUSO, LLC, Wheaton, Maryland, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Briena L. Strippoli, Senior Litigation Counsel, Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javier de Jesus Duran Realegeno (Realegeno) is a native and citizen of El Salvador. He petitions for review of the Board of Immigration Appeals' order dismissing his appeal from the immigration judge's order denying his application for withholding of removal[1] and ordering his removal to El Salvador. Upon review of the record, we conclude that substantial evidence supports the Board's holding that Realegeno failed to satisfy his burden of proving that any past persecution he sustained, and future persecution he feared, was on account of his status as a former police officer. Accordingly, we deny the petition for review.

The Department of Homeland Security (DHS) charged Realegeno with removability because he was an alien present in the United States without being admitted or paroled, in violation of § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(a)(6)(A)(i) (2012). Realegeno admitted the charges and conceded removability, but sought withholding of removal, under 8 U.S.C. § 1231(b)(3) (2012), alleging that he suffered past persecution on account of his membership in a particular social group of former law enforcement officers.

Realegeno served as a local police officer from 1987 until 1992, and worked with the Salvadoran national police from 1992 until 1994. Using money from his police force

---

[1] Realegeno conceded that he was time-barred from applying for asylum, and his ineligibility for that relief is not an issue in this case.

retirement, Realegeno opened a welding business in 1995, which he operated until he left for the United States in 2002.

Upon retiring from the police force, Realegeno began receiving anonymous written extortion demands containing threats to kill Realegeno if he did not pay the demanded amounts. Realegeno's brother, who retired from the police force the same day as Realegeno, also received extortion threats. Between 1994 and 2002, Realegeno received two or three threatening letters per year. Realegeno paid the demanded sums because he was afraid that he would be killed if he refused. According to Realegeno, he knew that the threats were from gang members because his father-in-law had witnessed a gang member deliver one of the letters.

Realegeno stated that the gang's extortion letters targeted him because he previously had served as a police officer. But, Realegeno testified that the letters did not provide an explanation for the extortion, and he could not point to any evidence to support his assertion.

The immigration judge (IJ) denied withholding of removal. The Board dismissed Realegeno's appeal, concluding in part that Realegeno had failed to prove the required "nexus" between the threats and his former employment.

In his petition for review, Realegeno presents several challenges to the Board's decision. Our analysis, however, focuses on one determinative argument. Realegeno asserts that the Board erred in ruling that he failed to establish the required nexus. According to Realegeno, the record established that he was targeted because of his prior employment as a police officer. We disagree with Realegeno's position.

3

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that h[is] life or freedom would be threatened in the country of removal because of h[is] race, religion, nationality, membership in a particular social group, or political opinion."[2] *Gomis v. Holder*, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. § 1231(b)(3). We afford "a high degree of deference" to a determination that an alien is not eligible for withholding of removal and review administrative findings of fact under the substantial evidence standard. *Gomis*, 571 F.3d at 359.

Under the substantial evidence standard, affirmance is mandated "if the evidence is not so compelling that no reasonable factfinder could agree with the [Board]'s factual conclusions." *Gandziami-Mickhou v. Gonzales*, 445 F.3d 351, 354 (4th Cir. 2006) (internal quotation marks omitted). In reviewing for substantial evidence, we analyze the weight of the evidence on the record considered as a whole. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Because the Board "issued its own opinion without adopting the IJ's opinion . . . [,] we review that opinion and not the opinion of the IJ." *Martinez v. Holder*, 740 F.3d 902, 908 (4th Cir. 2014); *see Hernandez-Avalos v. Lynch*, 784 F.3d

---

[2] "Asylum is discretionary, whereas withholding of removal is mandatory; and correspondingly, the standard of proof for withholding of removal is higher, requiring the applicant to establish a 'clear probability' of persecution, rather than the less stringent 'well-founded fear' of persecution that will suffice to make out an asylum claim." *Salgado-Sosa v. Sessions*, 2018 WL 826764 at *4 (February 13, 2018). "But the core condition of eligibility—that there be a nexus between threatened persecution and a protected status—is the same." *Id.*

4

944, 948 (4th Cir. 2015) ("[W]here, as here, the [Board] issues its own opinion without adopting the IJ's reasoning, we review only the [Board's] final order.").

As an initial matter, we assume, without deciding, that Realegeno's ongoing receipt of anonymous extortion letters that included death threats rose to the level of persecution. *See Crespin-Valladares v. Holder*, 632 F.3d 117, 126 (4th Cir. 2011) (citing *Li v. Gonzales*, 405 F.3d 171, 177 (4th Cir. 2005), to support the proposition that a death threat qualifies as persecution). We also assume, without deciding, that Realegeno advanced a cognizable particular social group, namely, that of former police officers. *See, e.g.*, *R.R.D. v. Holder*, 746 F.3d 807, 810 (7th Cir. 2014) (explaining that alien advanced a viable particular social group because "[b]eing a former agent is an immutable characteristic; nothing R.R.D. can do will erase his employment history"). We nonetheless hold that substantial evidence supports the denial of relief in this case because, as the Board explained, Realegeno failed to satisfy his burden of proof regarding nexus.

"Persecution occurs 'on account of' a protected ground if that ground serves as 'at least one central reason for' the feared persecution." *Crespin-Valladares*, 632 F.3d at 127 (quoting 8 U.S.C. § 1158(b)(1)(B)(i) (2012)). While the applicant need not show that the protected ground was "*the* central reason or even a dominant central reason," *id.* (internal quotation marks omitted), it must be more than "'incidental, tangential, superficial, or subordinate to another reason for harm,'" *Quinteros-Mendoza v. Holder*, 556 F.3d 159, 164 (4th Cir. 2009) (quoting *In re J-B-N-*, 24 I. & N. Dec. 208, 214 (B.I.A.

5

2007)). As the Supreme Court explained, the alien "must provide *some* evidence of [motive], direct or circumstantial." *Elias-Zacarias*, 502 U.S. at 483.

We conclude that the Board reasonably found that the petitioner failed to carry his burden to establish that he was targeted because of his status as a former police officer. Despite being asked about the causal element multiple times, Realegeno was unable to identify any evidence to support his assertion that the gangs targeted him for extortion because he had been a police officer. The record showed that Realegeno was financially secure and able to pay the demands and, therefore, may have been targeted by the gangs based on Realegeno's ownership of a business. Although Realegeno's brother, a former police officer, was also threatened, this fact alone does not compel a conclusion that one central reason for the gang's threats of Realegeno was his former employment. On this record, we hold that substantial evidence supports the Board's ruling on the nexus requirement. *See Gonahasa v. INS*, 181 F.3d 538, 541 (4th Cir. 1999) (explaining that it is well established that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence" (alteration and internal quotation marks omitted)).

For these reasons, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

6